FILED

14 DEC 12 PM 2:06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ac DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANASTASIA HELENE KIRKEBY, | CASE NO. 14-CV-2883-BEN (NLS) |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | **(1) DENYING EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| | **(2) DENYING MOTION TO FREEZE ASSETS** |
| LARRY BURNS aka LAWRENCE F. BURZYNSKI, et al., | **(3) DENYING MOTION TO APPOINT RECEIVER** |
| Defendants. | **(4) GRANTING LEAVE TO AMEND COMPLAINT** |
| | [Docket No. 2, 3, 5, 6] |

Before this Court are four motions filed by Plaintiff Anastasia Helene Kirkeby. Plaintiff filed (1) a Motion for Leave to Proceed *In Forma Pauperis* (Docket No. 3); (2) an Emergency Ex Parte Motion for a Temporary Restraining Order (Docket No. 2); (3) a Motion for Order to Freeze Assets and Financial Accounts (Docket No. 6); and (4) a Motion to Appoint Receiver (Docket No. 5). Plaintiff also filed a Supplemental Brief in support of her Motion for a TRO. For the reasons set forth below, the Court **DENIES** Plaintiff's Motions.

///

///

- 1 -

14cv2883

# BACKGROUND

On December 5, 2014, Plaintiff, proceeding *pro se*, filed her Verified Complaint accompanied by a Motion to Proceed *In Forma Pauperis* ("IFP"). On December 9, 2014, Plaintiff paid the requisite filing fee. (Docket No. 4).

JP Morgan Chase Bank ("Chase") and California Reconveyance Company ("Cal Recon") are named as Defendants in this action. However, the claims against Chase and Cal Recon are not discernable. Plaintiff also names the following three Defendants but fails to identify their relation to this case or make any claims against them: (1) The Crosby Centers of Escondido, California; (2) AAE Crosby Center; and (3) MHCD, LLC. Plaintiff does not mention the remaining three Defendants anywhere beyond the caption of the Complaint.

According to the Complaint, it appears that this case revolves around The Crosby Centers of Escondido ("The Crosby Centers"), a drug rehabilitation center. Plaintiff claims to be the sole owner and founder of the The Crosby Centers, but due to a restraining order, has lost some or all ownership of it. Plaintiff now seeks a temporary restraining order ("TRO") and permanent injunction against Defendant Larry Burns, who is Acting Director of The Crosby Centers.

On November 17, 2014, Plaintiff claims she learned that Defendant Burns might be having sexual relationships with patients, and that such indiscretions have likely gone on since 2011. Plaintiff also makes generic and conclusory allegations of fraud. In addition, she claims Defendant Burns has violated the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d-5.

Plaintiff also claims that Defendant Burns refused to pay rent for The Crosby Centers for over two years. She claims that as a result of failing to make rental payments, The Crosby Centers property is now in foreclosure. Defendant Burns has allegedly stolen the rent money (and perhaps more) and concealed it in other bank accounts for his own purposes. Plaintiff contends that Defendant Burns intends to purchase the property for a low price at the end of the foreclosure proceedings, in an

attempt to rid any of Plaintiff's remaining ownership interest in the property and The Crosby Centers.

## DISCUSSION

I. Motion to Proceed IFP

In light of Plaintiff's payment of the filing fee (Docket No. 4), the Motion to Proceed IFP is **DENIED** as moot.

II. Motion for TRO

*a. Legal Standard*

A temporary restraining order ("TRO") is a form of preliminary injunctive relief limited to "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bd. of Teamsters*, 415 U.S. 423, 439 (1974). It is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Counsel*, 555 U.S. 7, 24 (2008).

Federal Rule of Civil Procedure 65(b) empowers a court to grant a TRO without written or oral notice to the adverse party "only if":

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Supreme Court explained, the "circumstances justifying the issuance of an ex parte order are extremely limited" because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc.*, 415 U.S. at 438-39).

The Court's substantive analysis on a motion for a TRO is substantially identical to that on a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm

absent injunctive relief; (3) the balance of equities tips in favor of injunctive relief; and (4) injunctive relief is in the public interest. *Winter*, 555 U.S. at 20. In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

### b. Notice

Plaintiff fails to present a strong showing that Defendants would likely dispose of evidence or disregard a court order. Plaintiff tersely claims that Defendant Burns "is a convicted felon and on several occasions has destroyed evidence and then filed false police reports claiming that there was a corporate break-in." Plaintiff claims she learned that Defendant Burns "is attempting to significantly alter and/or destroy the official corporate records and files. . . ." In addition, Defendant Burns refuses to identify or produce requested records. When questioned about these records, Plaintiff claims that Defendant Burns responded "What records?" As a result, Plaintiff requests a TRO without notice to Defendant Burns for fear that he would alter or destroy evidence.

Although Plaintiff verifies that her assertions are true, she submits no other evidence to support her claims against Defendant Burns. Curiously, Plaintiff's Motion and Supplemental Brief suggest that Plaintiff has already given Defendant Burns an indication that a lawsuit might be brought against him by stating that Defendant Burns "refuses to identify the location and produce the *requested* official records . . . ." Additionally, Plaintiff sent a Request for Waiver of Service of Summons to Defendant Burns on December 2, 2014. Thus, it seems that Defendant Burns has already been notified to some extent of this action against him. Because Plaintiff requested a waiver of service and also requested records from Defendant Burns, this Court finds no reason to issue a TRO without providing an opportunity for Defendants to respond.

///

Even if this Court were to find Plaintiff made a strong showing that notice should not be required, Plaintiff's Motion still fails on the merits.

*c. Merits*

As indicated above, the Complaint leaves more questions than it provides answers. It is not clear from the Complaint if Plaintiff has already lost ownership interest in The Crosby Centers, or how Plaintiff will suffer harm by foreclosure on the property. The Complaint raises other questions. If Plaintiff retains ownership interest in The Crosby Centers, why use legal action to remove Defendant Burns as director? Also, why wait two years to attempt to remedy the failure to pay rent? Has a date for a foreclosure sale been set? How do each of the Defendants' actions violate federal laws? How specifically have Defendants violated HIPAA? What standing does Plaintiff have to assert claims against Defendants for HIPAA violations?

The Complaint is convoluted and unclear. Having reviewed the Complaint and the Motion, the Court cannot conclude without more that Plaintiff has a likelihood of success on the merits or that Plaintiff is likely to suffer irreparable harm. The Motion for a TRO is therefore **DENIED**.

### III. Motion to Freeze Assets and Motion to Appoint Receiver

Plaintiff moves this Court to freeze Defendant Burns' assets so that he cannot conceal his finances in an attempt to evade any future ruling in this case. Plaintiff also moves the Court to appoint a permanent receiver to manage Burns' assets during the course of the judicial proceedings. Plaintiff specifically requests that her husband be appointed the receiver. It is evident that Plaintiff's remaining motions are directly related to her Motion for a TRO. Because the Motion for TRO is denied, the Motion to Freeze Assets and the Motion to Appoint Receiver are also **DENIED**.

### CONCLUSION

As Plaintiff's showing is insufficient to justify the issuance of an ex parte TRO, the Motion for a TRO is therefore **DENIED without prejudice**. The Motion to Freeze Assets and the Motion to Appoint Receiver are also **DENIED without prejudice**.

Plaintiff's Motion to Proceed IFP is **DENIED as moot**.

Plaintiff is **GRANTED** leave to amend her Complaint. If Plaintiff chooses to amend, the first amended complaint should cure the deficiencies this Court discussed above. The first amended complaint must be complete in and of itself, comply with Federal Rule of Procedure 8 pleading requirements, and contain short and plain statements that show Plaintiff is entitled to relief. Plaintiff should take care to state her interest in the property and The Crosby Centers, relevant information about all named defendants, the irreparable harm that will result, and why a TRO without notice is necessary.

**IT IS SO ORDERED**.

Dated: December /2/, 2014

HON. ROGER T. BENITEZ
United States District Judge