FILED

15 MAR 13   AM 11: 21

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANASTASIA HELENE KIRKEBY,<br><br>                                    Plaintiff,<br><br>vs.<br><br><br><br>LARRY BURNS aka LAWRENCE F.<br>BURZYNSKI, et al.,<br><br>                                    Defendants. | CASE NO. 14-CV-2883-BEN (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION**<br><br>**(2) DENYING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AS MOOT**<br><br>**(3) GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Docket Nos. 18, 26, 30] |

Before this Court is a Motion to Dismiss for Lack of Jurisdiction, filed by Defendants JP Morgan Chase Bank, N.A., and California Reconveyance Company. (Docket No. 26.)

## BACKGROUND

On December 5, 2014, Mrs. Kirkeby brought this action asserting multiple claims against five defendants. (Docket No. 1.) On January 12, 2015, Plaintiff Anastasia Kirkeby filed a First Amended Complaint asserting seven state law claims: (1) violation of California Penal Code § 529, (2) California Civil Code § 3426, (3) California Penal Code § 502, (4) breach of the duty of loyalty and aiding and abetting breach of fiduciary duty, (5) conversion, (6) intentional interference

14cv2883

with a contract, (7) California Business and Professions Code § 17200.  Mrs. Kirkeby's First Amended Complaint removed three defendants and added three new defendants.  She also added her husband, Glenn Kirkeby, as a co-plaintiff.

## DISCUSSION

### I. Defendants' Motion to Dismiss for Lack of Jurisdiction

Defendants JP Morgan Chase Bank, N.A., and California Reconveyance Company argue this Court lacks subject matter jurisdiction over Plaintiff's case. Plaintiff filed an Opposition.

#### A. Federal Question Jurisdiction

District courts have original jurisdiction over civil actions arising "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Plaintiff's First Amended Complaint alleges that Defendants violated seven California state laws.[1]  Because the Complaint alleges no federal claims, this Court does not have federal question jurisdiction over this matter.

#### B. Diversity Jurisdiction

District courts have original jurisdiction over civil actions where (1) the amount in controversy exceeds $75,000, and (2) there is complete diversity of citizenship.  28 U.S.C. § 1332(a).  Complete diversity of citizenship exists where no plaintiff is from the same state as any Defendant.  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)).

Complete diversity does not exist here.  Plaintiff alleges that she and her husband are citizens of California.  She alleges that Defendant Larry Burns or Lawrence Burzynski is also a citizen of California.  Because at least one plaintiff is

---

[1]Plaintiff briefly mentions a criminal statute, 18 U.S.C. § 1001, in attempt to support her claim that Defendants violated California Penal Code § 529.  (FAC 19.) Section 1001 is a criminal statute which provides no private right of action.  *Willems v. Apartment Inv. & Mgmt. Co.*, 72 F. App'x 700, 701 (9th Cir. 2003).  In the event this mention of section 1001 should be construed as a claim against Defendants, the claim is dismissed with prejudice.

14cv2883

1   a citizen of the same state of at least one defendant, this Court does not have

2   diversity jurisdiction over this case.

3       Plaintiff failed to establish this Court has subject matter jurisdiction over this

4   action.  The Court therefore **GRANTS** Defendants' Motion to Dismiss for Lack of

5   Jurisdiction.

6   **II. Plaintiff's Motion for Leave to Amend**

7       On February 19, 2015, Plaintiff filed an Ex Parte Motion for Leave to File a

8   Second Amended Complaint.  (Docket No. 30.)  Defendants filed an Opposition.

9       Pursuant to Federal Rule of Civil Procedure 15, courts "should freely give

10   leave when justice so requires."

11       Plaintiff contends that a second amended complaint will enable her to show

12   that this Court has subject matter jurisdiction over this matter.  She also claims that

13   "newly discovered evidence" necessitates addition of new claims and the identity of

14   doe defendants.

15       Plaintiff's Motion for Leave to Amend is **GRANTED**.  Plaintiff may add Mr.

16   Kirkeby as co-plaintiff and new claims against Defendants.  However, Plaintiff must

17   take care to cure the deficiencies pointed out in this Court's order.  The Court also

18   cautions Plaintiff to make her best effort to include all possible claims against all

19   defendants in the Second Amended Complaint.

20       Further, as the Court has stated in previous orders, Plaintiff has provided no

21   reason to file motions without giving notice to Defendants.  Any future ex parte

22   motions from Plaintiff will not be accepted.

23                              **CONCLUSION**

24       Finding this Court lacks subject matter jurisdiction to hear this action,

25   Defendants' Motion to Dismiss for Lack of Jurisdiction is **GRANTED**.  Plaintiff's

26   Motion to file a Second Amended Complaint is **GRANTED**.  If Plaintiff believes

27   she can cure the deficiencies in the previous complaints, Plaintiff is **ORDERED** to

28   file any Second Amended Complaint on or before **April 15, 2015**.  Finally,

1   Defendants' Motion to Dismiss for failure to state a claim (Docket No. 18) is

2   **DENIED as moot**.  The action is **DISMISSED** without prejudice.  The Clerk may

3   close the case.

4        **IT IS SO ORDERED**.

5

6   Dated: March  5, 2015

7                                          HON. ROGER T. BENITEZ
                                           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28